UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| ROBERT LEN TAYLOR, JR., | ) |
| | ) |
| Petitioner, | ) Civil Action No. 15-CV-18-HRW |
| | ) |
| v. | ) |
| | ) |
| JODIE L. SNYDER-MORRIS, | ) **MEMORANDUM OPINION** |
| *Warden*, | ) **AND ORDER** |
| | ) |
| Respondent. | ) |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Richard Len Taylor, Jr., is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution ("FCI")-Ashland, located in Ashland, Kentucky. Taylor has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1], challenging the enhancement of his federal sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(c)(1)(A). Taylor has paid the $5.00 filing fee. [D. E. No. 2]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to §

1

2241 petitions pursuant to Rule 1(b)). Because Taylor is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, the Court accepts Taylor's factual allegations as true and liberally construes his legal claims in his favor.

The Court has reviewed Taylor's petition but for the reasons set forth below, determines that that it cannot grant the relief which Taylor seeks, *i.e.*, an order either transferring this action to federal court in North Carolina, or setting aside part of his 322-month sentence. The Court will therefore deny Taylor's § 2241 petition and dismiss this proceeding.

## TAYLOR'S LITIGATION HISTORY

Between June 28, 2004, and December 14, 2004, a series of indictments were handed down in federal court in Statesville, North Carolina, charging Taylor and other defendants with committing various drug and firearm offenses. *United States v. Richard Len Taylor, Jr.*, No. 5:04-CR-28-RLV-CH-2 (W.D.N.C. 2004) Early in the criminal proceeding, the Government filed a notice under 21 U.S.C. § 851, informing Taylor that it intended to seek enhanced penalties against him based on his two prior felony drug convictions from state court in North Carolina. [R. 2, therein] In the Third Superseding Indictment, Taylor was charged with two

counts of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C §§ 841(a) and 846 (Counts One and Four); and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c) and (2) (Count Five). [R. 66, therein]

On March 14, 2005, Taylor entered into a Plea Agreement pursuant to which he agreed to plead guilty to Counts One and Five of the Third Superseding Indictment. [*Id.*, R. 96, therein] On August 9, 2005, Taylor appeared with counsel before the district court for a Factual Basis and Sentencing Hearing, at which the district court accepted counsels' stipulation that a factual basis existed, and concluded that the stipulation, together with Taylor's pleas of guilty and his submissions, were sufficient to find a factual basis to support his guilty pleas. *Id.* [R, 200, p. 3] On August 30, 2006, the district court sentenced Taylor to a 262-month prison on Count One (conspiracy to possess methamphetamine with intent to distribute) and to a consecutive 60-month term on Count Five (using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting), for a total prison term of 322 months. *Id.*, [R. 183, "Amended Judgment in a Criminal Case," at pp. 1-2].

Taylor did not file a direct appeal, but instead, on August 16, 2006, filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging several instances of

ineffective assistance of counsel, including counsel's alleged failure to honor his instruction to file a timely notice of appeal. [R. 181, therein] ("the First § 2255 Motion")[1] The district court granted the First § 2255 Motion and entered an Amended Judgment in his criminal case, *id.*, R. 182, therein, from which Taylor filed a timely notice of appeal. In an unpublished opinion, the Fourth Circuit Court of Appeals affirmed Taylor's convictions and sentence. *United States v. Taylor*, 253 F. App'x 325 (4th Cir. 2007).[2]

On February 2, 2009, Taylor filed a second § 2255 motion in the district court, in which he raised additional claims of ineffective assistance of counsel. [R. 219, therein] ("the Second § 2255 Motion][3] The district court ordered the Government to respond to the Second § 2255 Motion, but after reviewing that response and the record of the criminal proceedings, it concluded that Taylor's ineffective assistance of counsel claims were without merit, and on May 6, 2010,

---

[1] The First § 2255 Motion was also docketed as a separate civil proceeding. *See Taylor v. United States*, No. 5:06-CV-00100-RLV (W.D.N.C. 2006).

[2] The Fourth Circuit explained that claims alleging ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.SC. § 2255, unless it conclusively appeared from the face of the record that counsel was ineffective, and that because three of Taylor's claims raised facts not contained in the existing record, they were not ripe for consideration on direct appeal. *Id.*, at 326. The court also determined that Taylor's other claim--alleging that the enhancement under 21 U.S.C. § 851 (2000) was improper because it was based upon an offense committed within the scope of the instant conspiracy--was without merit. *Id.*

[3] The Second § 2255 Motion was also docketed as a separate civil proceeding. *See Richard Len Taylor v. United States*, No. 5:09-CV-13-3-V (W.D.N.C. 2009).

entered an Order denying the Second § 2255 motion. [R. 220, therein] Taylor did not appeal that Order.

On February 17, 2012, Taylor filed a third motion seeking relief from his sentence under § 2255. [R. 221, therein, ("the Third § 2255 Motion")][4] Taylor argued that the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011),[5] demonstrated that his prior state felony drug convictions did not qualify him for a § 851 sentencing enhancement, and that accordingly, he was entitled to relief from his 322-month sentence.

On October 9, 2012, the district court entered an order denying the Third § 2255 Motion, concluding that Taylor was not entitled to relief from his sentence. [R. 222, therein] The district court explained that by enacting 21 U.S.C. § 841(b)(1)(A), Congress provided district courts with a defined range within which to sentence defendants and thus concluded, "Even without consideration of any prior felony drug offenses, the Court had the discretion to sentence Petitioner [Taylor] to a term of no less than ten years and not more than life imprisonment.

---

[4] The Third § 2255 Motion was also docketed as a separate civil proceeding. *See Richard Len Taylor, Jr., v. United States*, No. 5:12-CV-43-RLV (W.D.N.C. 2012).

[5] In *Simmons*, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense under the [Controlled Substances Act], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. *Simmons*, 649 F.3d at 243

Petitioner's term of 262 months was thus well within the authorized maximum sentence." *Id.*, p. 4, therein (emphasis added).

Taylor appealed, but the Fourth Circuit Court of Appeals denied him a certificate of appealability, finding that he had not made a substantial showing of the denial of a constitutional right. [R. 225, therein; *see also United States v. Richard Len Taylor, Jr.*, 516 F. App'x 284, 285 (4th Cir. Apr. 2, 2013)]

## CLAIMS ASSERTED IN THE § 2241 PETITION

In his § 2241 petition Taylor again asserts that based on the Fourth Circuit's decision in *Simmons*, the district court improperly used one of his prior North Carolina state court drug convictions as a basis for enhancing his sentence under the ACCA.[6] In addition to *Simmons*, Taylor also contends that three other cases support his argument that his sentence was improperly enhanced, the first being *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S. Ct. 2577 (2010). In *Carachuri–Rosendo*, the defendant, who was facing deportation, was convicted of a crime that the State of Texas categorized as a misdemeanor, but his offense would have been a felony under the Controlled Substances Act (18 U.S.C. §

---

[6] Title 18 U.S.C. § 924(e)(1) imposes a mandatory minimum sentence of fifteen years on career criminals. The statute provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years....

6

924(c)(2)) because he had a prior conviction. *Carachuri–Rosendo*, 560 U.S., at 566-67, 130 S.Ct. at 2580-81. The Court held that the offense did not constitute an "aggravated felony" because the state prosecutor had not charged the existence of a prior conviction and, thus, the defendant was not "…actually convicted of a crime that is itself punishable as a felony under federal law." *Id.*, 560 U.S. at 581-82, 130 S.Ct., at 2589. Thus, the Supreme Court held that courts must look at the defendant's actual conviction, rather than the offense for which the defendant could have been convicted, for purposes of determining whether the offense is an aggravated felony under the Immigration and Nationality Act.

Second, Taylor contends that the district court, instead of the jury, improperly determined facts which resulted in the enhancement of his sentence under the ACCA, in violation of the ruling set forth in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155.

Third, Taylor relies on the Supreme Court's grant/vacate/remand ("GVR") order in *Persaud v. United States*, 134 S.Ct. 1023 (2014). Like Taylor, the defendant in *Persaud* sought to challenge a sentencing enhancement through a § 2241 petition and the savings clause of § 2255.

7

Taylor's claims thus fall under the Fifth Amendment of the U.S. Constitution, which guarantees due process of law, and the Sixth Amendment of the U.S. Constitution, which guarantees a trial by jury in any criminal proceeding. The specific relief which Taylor seeks is an order transferring his § 2241 petition to the United States District Court for the Western District of North Carolina, where he was sentenced. [D. E. No. 1, p. 7] Taylor asserts that the Western District of North Carolina "…is familiar with the underlying conviction and sentencing as well as the circumstances resulting from the decision announced in *Simmons*." [*Id.*] Taylor also contends that North Carolina federal court "…is a more convenient forum" for both the United States and him. [*Id.*]

## DISCUSSION

The Court will first address, and deny, Taylor's request to transfer the venue of this proceeding to the United States District Court for the Western District of North Carolina. If a federal prisoner seeks to challenge issues related to the manner in which his sentence is being executed, he must file a § 2241 habeas petition in the district court having jurisdiction over petitioner's custodian. *Robinson v. Morrison*, 27 F. App'x 557 (6th Cir. 2001); *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999) (a petition for a writ of habeas corpus under § 2241 is confined to the district court having jurisdiction over the petitioner's custodian); *In*

*re Hanserd*, 123 F.3d 922, 925 (6th Cir. 1997); *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). In this action, Taylor does not challenge the BOP's execution of his sentence; he alleges that his remedy under § 2255 was inadequate and ineffective to challenge his federal detention. Taylor thus invokes the savings clause of 28 U.S.C. § 2255, by way of a habeas petition filed under 28 U.S.C. § 2241.

Taylor was confined in FCI-Ashland when he filed this action on March 19, 2015, and according to the BOP's website, he remains confined in that facility.[7] Taylor's custodian is FCI-Ashland Warden Josie L. Snyder-Morris and this Court has jurisdiction over Warden Snyder-Morris, which means that Taylor properly filed his § 2241 petition in this district. Had Taylor filed his § 2241 petition in the United States District Court for the Western District of North Carolina, that court undoubtedly would have transferred the proceeding here, because Taylor is confined in a federal prison located in this district, and because this Court has jurisdiction over his custodian. Taylor is free to file whatever type of civil action he chooses in the United States District Court for the Western District of North Carolina, but a *transfer* of the instant § 2241 petition to that court is not warranted.

---

[7] *See* http://www.bop.gov/inmateloc/ as to Richard Len Taylor, BOP Register No. 20095-058 (last visited on May 6, 2015).

9

The Court now turns to the merits of Taylor's claims, which challenge his 262-month sentence imposed on Count One. As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging issues which relate to the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Here, Taylor is not challenging the manner in which the BOP is executing his sentence, such as its computation of sentence credits or consideration of parole

eligibility, issues which fall under the purview of § 2241. Instead, Taylor contends that his ACCA-enhanced sentence violates his constitutional rights; that he was not subject to a mandatory minimum sentence; that he does not qualify as an armed career criminal; and that he should be resentenced without the ACCA enhancement. Taylor is thus challenging the constitutionality the 262-month portion of his 322-month sentence on Fifth and Sixth Amendment grounds, under § 2241 via the "savings clause" of § 2255(e).

However, a federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012). *Wooten*, 677 F.3d at 307; *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may *only* pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir.

2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). As noted, Taylor previously challenged his enhanced sentence under *Simmons* in the Third § 2241 Motion, but the district court rejected his argument, explaining that because Taylor's 262-month sentence (on Count One, the drug offense) fell well within the authorized maximum sentencing range established under 21 U.S.C. § 841(b)(1)(A), Taylor was not entitled to relief from his sentence. *See* Taylor Criminal Case, No. 5:04-CR-28-RLV-CH-2 (W.D.N.C. 2004) [R. 222, therein, p. 4] Taylor simply reiterates the same *Simmons* claim in this § 2241 proceeding which he unsuccessfully asserted in the Third § 2255 Motion. Again, § 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. Thus, as to his challenge under *Simmons*, Taylor has not shown that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention.

Next, Taylor claims that *Alleyne*, which was decided after the district court denied his § 2255 motion, supports his claims. Taylor asserts that under *Alleyne*,

he had a constitutional right to have all elements used to increase his penalty charged in the indictment and proven beyond a reasonable doubt to the jury. If Taylor were currently arguing this particular sentencing issue on direct appeal of his sentence, he could likely invoke *Alleyne* as support for his argument. But Taylor asserts this sentencing claim in a § 2241 petition, which is merely a collateral challenge to his sentence, and "…a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

Unfortunately for Taylor, on June 24, 2014, the Sixth Circuit Court of Appeals joined numerous other appellate courts in holding that *Alleyne* does not apply retroactively to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-91 (6th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Rodriguez*, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (*per curiam*); *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (*per curiam*); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (*per curiam*); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (*per curiam*); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Thus, *Alleyne* does not support Taylor's argument.

Taylor next argues that he no longer qualifies as a "career offender" because of the new rule announced in *Carachuri-Rosendo v. Holder*, in which the Supreme Court addressed how a district court should determine whether a defendant qualifies as a "career offender" for sentencing purposes. Taylor's reliance on *Carachuri-Rosendo* is as misplaced as his reliance on *Simmons*, because Supreme Court did not hold in *Carachuri–Rosendo* that it was announcing a new rule or that its holding was retroactive to cases pending on collateral review.

The Sixth Circuit has not addressed the issue, but in *United States v. Powell*, 692 F.3d 554 (4th Cir. 2012), the Fourth Circuit Court of Appeals held that *Carachuri-Rosendo* articulated a procedural rule rather than a substantive rule. *Id.*, at 559-60. The court of appeals reasoned that *Carachuri-Rosendo* did not alter the range of conduct or the class of persons that could be punished under any criminal statute; the decision changed the manner of determining whether a defendant's prior conviction qualifies as an aggravated felony. *Id.* The Fourth Circuit therefore held that *Carachuri-Rosendo* is a procedural rule and does not apply retroactively to cases on collateral review. *Id.*, at 560.

This Court and several other district courts in this Circuit have adopted this reasoning. *See, e.g., Callins v. United States*, No. 04-CR-20009; No. 14-CV-14781, 2015 WL 1540678, at *3 (E.D. Mich. Apr. 7, 2015) (refusing to apply

*Carachrui–Rosendo* retroactively); *Hueso v. Sepanek*, No. 13-CV-19-HRW, 2013 WL 4017117, at *6 (E.D. Ky. Aug 6, 2013) (stating that "[c]ourts have ... held that the decision in *Carachrui–Rosendo* is not retroactively applicable to cases on collateral review.") (collecting cases); *Rawls v. United States*, No. 3:01CR-124-H, 2013 WL 56986, at *2 (W.D. Ky. Jan. 3, 2013) (holding that contrary to Rawls's assertion that *Carachuri-Rosendo* applied retroactively, the Fourth Circuit had since held that *Carachuri-Rosendo* is a procedural rule that does not apply retroactively to cases on collateral review); *Story v. United States*, No. 2:02-CR-22, 2012 WL 2128007, at *2–3 (E.D. Tenn. June 12, 2012) (concluding that "the Supreme Court did not find the rule in *Carachuri-Rosendo* to be new or hold that it applies retroactively to cases on collateral review."); *Thomas v. Holland*, No. 10-CV-98, 2011 WL 2446373, at *5 (E.D. Ky. June 15, 2011) (declaring that the "Court is ... unwilling to apply [*Carachuri-Rosendo*] retroactively to a case on collateral review without further guidance from the Supreme Court.").

Based on the Fourth Circuit's opinion in *Powell* and the decisions of other district courts, the undersigned continues to conclude that absent further instruction from the Supreme Court, *Carachuri–Rosendo* does not apply retroactively to a case on collateral review, such as Taylor's § 2241 petition.

15

Further, Taylor does not claim that he is actually innocent of the various drug and firearm offenses of which he was convicted; he challenges only the amount of time which he was ordered to serve in prison. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit has never extended to savings clause to § 2241 petitioner who challenges only the enhancement of his sentence; in fact, the Sixth Circuit has repeatedly held (and in no uncertain terms): "Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim."); *see also, Hoskins v. Coakley*, No. 4:13-CV-1632, 2014 WL

245095 (N.D. Ohio Jan. 22, 2014) (denying federal prisoner's § 2241 petition in which he challenged only his enhanced sentence). Because the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their *sentences*, Taylor has not alleged a valid actual innocence claim.

Finally, Taylor asks the Court to consider his petition in light of the Supreme Court's grant/vacate/remand ("GVR") order in *Persaud v. United States*, 134 S.Ct. 1023 (2014). Like Taylor, the defendant in *Persaud* sought to challenge a sentencing enhancement by way of a § 2241 petition and the savings clause of § 2255. And as with Taylor, binding circuit precedent foreclosed that avenue of relief. The Solicitor General confessed error, taking the view that a petitioner can challenge a sentencing enhancement through the savings clause, and asked the Supreme Court to remand the case to the Fourth Circuit for reconsideration in light of the United States' new position. *See* Brief of Appellee at *22–23, *Persaud*, 134 S.Ct. at 1023. The Supreme Court acquiesced and issued a GVR order. *Persaud*, 134 S.Ct. at 1023.

However, the Supreme Court's GVR order was not a reversal on the merits, nor was it a suggestion that the Fourth Circuit was wrong. *See Communities for Equity v. Mich. High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006).

Rather, it is "a device that allows a lower court that had rendered its decision without the benefit of an intervening clarification to have an opportunity to reconsider that decision and, if warranted, to revise or correct it." *Gonzalez v. Justices of the Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005). While the GVR in *Persaud* gives the Fourth Circuit an opportunity to reconsider its own decision, it does not give district courts free license to ignore binding circuit precedent. And in this case, binding Sixth Circuit precedent bars Taylor from seeking relief through a § 2241 petition.

For the reasons set forth above, Taylor has not demonstrated either that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the drug and firearm offense of which he was convicted. Because Taylor is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. The 28 U.S.C. § 2241 petition for a writ of habeas corpus filed by Petitioner Robert Len Taylor, Jr., [D. E. No. 1] is **DENIED**.

2. The Court will enter an appropriate Judgment; and

3.  This § 2241 habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This May 13, 2015.



Signed By:
Henry R. Wilholt, Jr.
United States District Judge